# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK J. MCCOURT,

      Plaintiff-Appellant,

v

KENNETH C. FOWLER, PATRICK J.
BERARDO, RICHARD W. BARCH, CULLEN
DUBOSE, CRHC, INC., and PINE VILLA
LIMITED DIVIDEND HOUSING
ASSOCIATION,

      Defendants-Appellees.

UNPUBLISHED
March 30, 2017

No. 330766
Gratiot Circuit Court
LC No. 13-011825-CZ

Before: HOEKSTRA, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

This is the second time this case has been before this Court. In our May 12, 2015 opinion, this Court reversed the trial court's grant of summary disposition under MCR 2.116(C)(8) in favor of defendants and remanded for further proceedings. On remand, the trial court granted defendants' subsequent motion for summary disposition pursuant to MCR 2.116(C)(10). For the reasons provided below, we affirm.

The pertinent facts are reproduced from our 2015 opinion:

> Defendant Pine Villa Limited Dividend Housing Association ("Pine Villa") is a limited partnership formed under the laws of the state of Michigan. The remaining individual defendants and defendant CRHC, Inc. ("CRHC") are present or former general partners in Pine Villa. According to the complaint, plaintiff was a limited partner of Capital Housing Partners-XCVIII ("CHP-98") "at all times pertinent to these proceedings." CHP-98 was formed as a District of Columbia limited partnership. The complaint further alleged that CHP-98 was a limited partner of Pine Villa "[a]t all times pertinent to these proceedings." Thus, plaintiff was a limited partner of a limited partner of Pine Villa.

> Plaintiff alleged in his complaint that Pine Villa owned and managed real property in the form of apartment buildings in Alma, Michigan in Gratiot County. Plaintiff also alleged that defendant Kenneth C. Fowler was the managing general partner of Pine Villa. Plaintiff alleged that Pine Villa reinvested excess revenues

-1-

in the partnership and accumulated a repair and maintenance reserve of approximately three million dollars. Plaintiff alleged that, once the mortgage debt was paid and the property was not encumbered, the general partners failed to offer the project for sale or refinance the project so as to return to the limited partners their investment. Further, plaintiff alleged that Fowler and the other individual defendants, in their capacity as general partners of Pine Villa, caused the entirety of the reserve fund to be expended on improvements to the property. The general partners then informed CHP-98 that it and its limited partners would suffer adverse tax consequences as the result of the expenditure of the reserve fund and offered to purchase CHP-98's interest in Pine Villa; the majority of CHP-98's partners approved the sale of CHP-98's interest in the fall of 2011, although plaintiff voted against it.

Plaintiff filed suit on August 12, 2013. Plaintiff brought the action in his derivative capacity as a limited partner of CHP-98, pursuant to MCL 449.2001. Plaintiff alleged that defendants' conduct in "vastly undervaluing the value of the project" and raising the specter of adverse tax consequences enabled them to obtain CHP-98's interest at an unfair price, contrary to their fiduciary obligations. Plaintiff also alleged that defendants had breached the partnership agreement and breached their statutory duties to CHP-98 under Michigan's Revised Uniform Limited Partnership Act (RULPA), MCL 449.1101 *et seq.* CHP-98's interest, and therefore plaintiff's indirect interest, in Pine Villa was eliminated as the result of the sale. [*McCourt v Fowler*, unpublished per curiam opinion of the Court of Appeals, issued May 12, 2015 (Docket Nos. 319772 & 319926), slip op, pp 1-2.]

This Court reversed the trial court grant of defendants' motion for summary disposition brought under MCR 2.116(C)(8) because plaintiff adequately pleaded that " 'at all times pertinent to these proceedings' he was a limited partner of CHP-98." *Id.* at 4-5. However, this Court noted that

[s]hould it be determined through additional evidence that in fact CHP-98 did not exist at the time suit was filed, or that plaintiff was not a member of CHP-98 at that time, it may become appropriate to consider that evidence on a motion for summary disposition pursuant to MCR 2.116(C)(10). [*Id.* at 5.]

After our remand, defendants moved for summary disposition pursuant to MCR 2.116(C)(10) and argued that plaintiff could not sustain his lawsuit because he was not a member of CHP-98 at the time the action was filed. Defendants contended that plaintiff could not have been a member of CHP-98 in August 2013 when he filed the instant complaint because CHP-98 did not exist at that time and instead was revoked, at the very latest, in September 2012. In support of their assertions, defendants provided (1) a copy of CHP-98's 1065 tax return for 2012, which was marked as a "Final return" and (2) records from the District of Columbia that show CHP-98's status as "revoked" effective September 4, 2012.

In response, plaintiff argued that he necessarily was a member of CHP-98 when he filed his complaint in August 2013 because, at that time, he had not been distributed his final

partnership distribution. In support, plaintiff submitted a copy of a check dated August 6, 2014, which was from CRI, Inc. and made out to plaintiff in the amount of $62,166.61.

In a reply/supplemental brief, defendants acknowledged that a check was issued to plaintiff in August 2014 but noted that the check was *not issued by CHP-98*. Thus, the existence of the check lacked any legal significance. Further, defendants provided the affidavit of Michael Murphy, who was a Senior Vice President of CRI, Inc. Murphy stated that, at one time, CRI was the general partner of CHP-98 and as part of its duties, it distributed the proceeds of the December 31, 2011 transaction to CHP-98's limited partners, including plaintiff. Two checks were issued to plaintiff, dated February 28, 2012, and April 10, 2012, totaling $62,166.61. Murphy explained that plaintiff never cashed or deposited the checks and in July 2014, plaintiff asked that a new check be issued. As a result, a new check was issued for $62,166.61 on August 6, 2014—the same check plaintiff relies on to create a question of fact.

The trial court found that there was no question of fact related to plaintiff's status as a member of CHP-98 at the time he filed his complaint. The court found that plaintiff could not have been a member of CHP-98 at the time plaintiff filed his complaint because the evidence showed that CHP-98 did not exist at that time. On this basis, the trial court granted defendants' motion for summary disposition.

## I. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Under this subrule, a "court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id.* The motion is properly granted if (1) there is no genuine issue of material fact and (2) the moving party is entitled to judgment as a matter of law. *West*, 469 Mich at 183.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred because he presented evidence to create a question of fact whether CHP-98 was in existence at the time he filed his lawsuit. We disagree.

MCL 49.2001 allows for a limited partner to

bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.

MCL 449.2002 provides that in order for someone to sustain such a derivative action on behalf of a limited partnership, the plaintiff, among other things, "must be a partner at the time of bringing the action." Plaintiff filed his suit as a derivative action on behalf of partnership CHP-98 on August 12, 2013.

"In presenting a motion for summary disposition [under MCR 2.116(C)(10)], the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). When defendants moved for summary disposition this latest time under MCR 2.116(C)(10), they alleged that plaintiff's suit must be dismissed because, contrary to MCL 449.2002, he was not (and could not have been) a member of CHP-98 at the time he filed his lawsuit in August 2013. Specifically, defendants alleged that CHP-98 had ceased to exist and, therefore, it was impossible for anyone to have been a member, well before plaintiff filed his complaint. To support their assertion, defendants submitted documentary evidence that consisted of (1) a copy of CHP-98's 1065 tax return for 2012, which was marked as a "Final return" and (2) records from the District of Columbia that show CHP-98's status as "revoked" effective September 4, 2012.

Having met its initial burden to support its motion for summary disposition, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id.* Here, in response to defendants' motion, plaintiff submitted a single piece of evidence: a copy of a check dated August 6, 2014, that was issued to him from CRI in the amount of $62,166.61. Plaintiff asserts that this check was a final disbursement of partnership funds and that, because the check was issued in August 2014, it necessarily follows that CHP-98 had not ceased to exist and was still in existence through at least August 2014, which covered the time he filed his lawsuit.

We hold that plaintiff has failed to provide sufficient evidence to create a question of fact on this issue. Defendants provided evidence that tends to show that CHP-98 ceased to exist by September 4, 2012, which was almost a year before plaintiff filed his complaint. Thus, the evidence also shows that plaintiff could not have been a member of CHP-98 after September 2012. Plaintiff claims that the check shows that CHP-98 was in existence well after he filed his complaint because the check was "issued" by CHP-98. But that assertion is not supported by the check. The check on its face clearly shows that it was issued by CRI, not CHP-98. Indeed, CHP-98's name does not appear anywhere on the check. While there was evidence that CRI had been a general partner of CHP-98 while CHP-98 was in existence, the mere fact that the general partner issued the check does not equate to CHP-98 still being in existence at the time the check was issued. Quite simply, plaintiff had the burden to offer evidence that he was a partner of CHP-98 at the time he filed his complaint, but the only piece of evidence he submitted—the check issued by CRI—does not prove that. Accordingly, the trial court properly granted defendants' motion for summary disposition under MCR 2.116(C)(10).[1]

---

[1] We also reject plaintiff's somewhat hard-to-follow position that whether CHP-98 existed at the time he filed his complaint is not relevant. While he is correct that the key is whether plaintiff was a member of CHP-98 at the time he filed his complaint, he fails to acknowledge that if CHP-98 did not exist at that time, then, *a fortiori*, he also was not a member at that time.

Affirmed.  Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.


/s/ Joel P. Hoekstra
/s/ Henry William Saad
/s/ Michael J. Riordan